Lilly Harris v. Commissioner. Herman L. and Lilly Harris (Husband and Wife) v. Commissioner.
Harris v. Commissioner
Docket Nos. 72534, 72535.
United States Tax Court
T.C. Memo 1964-21; 1964 Tax Ct. Memo LEXIS 315; 23 T.C.M. (CCH) 108; T.C.M. (RIA) 64021; 65-1 U.S. Tax Cas. (CCH) P9400; January 30, 1964
Lilly Harris, pro se, 37-27 Ninety-First St., Jackson Heights, N. Y. Stephen M. Miller, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: On January 29, 1958 respondent issued his notice of deficiency wherein he determined an income tax liability against Lilly Harris for the year 1949 in the amount of $12,341.35 with additions thereto under various provisions of the Internal Revenue Code of 1939, [1] as follows: $6,170.68 under section 293(b) for fraud; $3,085.34 under section 291 for failure to file a timely return; $1,110.71 under section 294(d)(1)(A) for failure to file declaration of estimated tax and $740.48 under section 294(d)(2) for substantial underestimation of tax. *316 On April 10, 1958 Lilly Harris filed her petition in Docket No. 72534 making various assignments of error in respondent's above determinations of deficiencies for the year 1949. Also on January 29, 1958 respondent issued his notice of deficiency wherein he determined income tax liability against Herman L. Harris and his wife, Lilly Harris, for the years 1950, 1951, 1952 and 1953, and additions thereto as follows: Deficiencies
Additions to Tax
Docket
Income
Sec. 294
Sec. 294
No.
Year
Tax
Sec. 293(b)
Sec. 291
(d)(1)(A)
(d)(2)
72535
1950
$2,581.00
$1,290.50
$631.38
$227.27
$151.53
1951
935.01
467.50
46.76
103.68
69.11
1952
7,589.38
3,794.69
None
683.06
455.36
1953
1,719.04
859.52
None
None
101.14
On April 10, 1958 Herman L. Harris and Lilly Harris filed their petition in Docket No. 72535 making various assignments of error in respondent's above determination of deficiencies. The two dockets were consolidated for trial and, after several continuances, separate decisions which were purportedly pursuant to agreements of the parties were entered in both dockets in September of 1962. *317 On October 22, 1962 Lilly, appearing without counsel, filed her written motion to have the decisions entered in the two dockets set aside as to her, mainly on the ground that the attorney who had negotiated the settlement for taxpayers was bired to try and not settle the tax liability. Respondent appeared in resistance to the motion and her attorney of record filed written resistance to her motion. On January 31, 1963 Lilly's motion to set aside the decisions was granted and the judgments were vacated as to Lilly - but not as to Herman. This means Lilly Harris is now the sole petitioner in both dockets now before the Court. After the case as to Lilly in both dockets was restored to the trial calendar, petitioner requested continuances and refused to discuss a suggested stipulation of facts or obey the orders of court with respect to producing additional documentary evidence which she said she had. Respondent, on April 15, 1963, filed a motion under Rule 31(b)(5) of the Rules of Practice of this Court for an Order to Show Cause why the facts embodied in said motion should not be accepted as established for the purposes of this case. Hearings were held on May 13, 14 and 17, 1963 with *318 respect to this case and respondent's above motion was argued and considered, together with various motions for continuances which were then being made by petitioner. It fairly appears from the record of said hearings that petitioner was not disputing the correctness of the facts recited in said motion but was strenuously arguing for continuance on the ground of newly discovered evidence that had to be examined - principally, as she said, three suitcases of old bank books. Finally, on May 17, 1963 the Court granted petitioner's motion for continuance and the Court granted respondent's motion for an Order to Show Cause and made it absolute and ordered that the facts recited in said motion be accepted as established for the purpose of these cases. The cases were next called for trial at the September 9, 1963 New York calendar. Petitioner's attorney addressed a letter and statement to the Presiding Judge dated September 9, 1963, requesting the trial of the case be "adjourned for one week." During the week of September 9, 1963 petitioner and her attorney were both advised by the Presiding Judge that the trial of the case would commence at 2 P.M., September 16 and they both assured the *319 Court that they would be present ready for trial at said time. When these cases were called for trial at 2 P.M., September 16, 1963, petitioner was present but her counsel was not. The Court took a 45-minute recess but the attorney did not appear and the Court ordered the trial to proceed with petitioner handling her own case. Respondent introduced some documentary evidence and the testimony of three witnesses, and rested. Petitioner then testified and the cause was declared submitted. The evidentiary record consists of the facts recited in the Show Cause Order, which are now found accordingly, the documentary exhibits and the testimony of the witnesses. The issue is the correctness of respondent's reconstruction of income by the net worth method and whether Lilly Harris is liable for additions thereto as determined by respondent. Findings of Fact Petitioner resides with her husband, Herman Harris, in New York City, New York. Neither Herman nor petitioner filed estimated tax returns or gift tax returns, nor did they pay estimated tax or gift tax, for the taxable years 1949 through 1952. The determination of deficiency for 1953 recites petitioners (at that time Herman and Lilly) *320 paid estimated tax of $50. Herman filed an individual income tax return for the taxable year 1949 with the collector of internal revenue, First District, New York, New York. Petitioner did not file an income tax return for the taxable year 1949. Petitioner and Herman filed joint income tax returns with the collector of internal revenue, First District, New York, New York for the years 1950 and 1951, and with the district director of internal revenue, Brooklyn, New York, for the years 1952 and 1953, as follows: Taxable Year
Date Filed
1950
July 31, 1951
1951
Mar. 24, 1952
1952
Mar. 16, 1953
1953
June 17, 1954 *
During the years in question petitioner was engaged in the business of purchasing real estate located in the New York area and renting same and in conducting a drugstore business in New York during part of 1949. Petitioner's records were wholly inadequate so respondent determined petitioner's income by determining her assets, liabilities and net worth increase for the year 1949 over 1948 in Docket No. 72534. And in Docket No. 72535 respondent determined the joint income of Herman *321 and Lilly for the years 1950, 1951, 1952 and 1953 by a similar net worth computation. The following net worth computation actually shows joint net worth increases during all of the years in issue as established by the evidence. [See Computation in Original] The above net worth computation is not quite the same for the year 1949 as the net worth computation for that year attached to respondent's determination of deficiency in Docket No. 72534. However, both computations are the same down to "Increase in not worth $29,332.95". We need not explain the later adjustments. The net worth computation in the deficiency notice arrives at a taxable net worth increase for * a little less than the above, or $32,433.85, and since there was no amendment to the answer, that figure will control. The above net worth computation for the years 1950, 1951, 1952 and 1953 arrives at the same amounts of taxable increases in net worth as shown in respondent's notice of deficiency in Docket No. 72535. There are some minor changes in items with respect to *322 real estate and mortgages payable in the years 1952 and 1953 but they do not affect the net worth increase for 1953 over 1952. At one time or another but during the years in question petitioner either alone or jointly with her husband maintained at least 38 savings accounts in various banks in New York, Maryland and California and at least five checking accounts in banks in the New York area. The accounts were held in various names such as Tillie Harris or other names sounding like her own, or in the names of her husband or children or trusts for her children or other relatives. Various addresses were used for the bank account names and there were constant opening and closing of the bank accounts and transfers of funds from one bank account to another. The money in the various accounts represented petitioner's money and was at all times under her dominion and control. Petitioner's interest income from savings accounts during the years in issue, which was not reported in any return she or her husband filed, was as follows: Year
Interest
1949
$1,106.38
1950
1,274.22
1951
931.11
1952
927.57
1953
543.40
In the course of the investigation of petitioner's *323 income by the internal revenue agents, petitioner made every effort to conceal her assets and did not disclose the existence of at least five bank accounts. In the income tax returns which petitioner did file jointly with her husband (1950 to 1953) no rental income was reported from the rental of the property 30-05 35th Street, Astoria, L.I., New York, though rental income was received by petitioner from the rental of said property during the years 1949-1953, inclusive. Failure of petitioner to file a return for her taxable year 1949 and report taxable income thereon was done wilfully and fraudulently with intent to evade tax. For the years 1950, 1951, 1952 and 1953 petitioner filed false and fraudulent returns with intent to evade tax. The deficiencies as determined by respondent for the years 1949 through 1953 are not barred by the statute of limitations. Failure of petitioner to file a timely return for the years 1949, 1950 and 1951 was due to negligence and not to reasonable cause. Failure of petitioner to file timely declarations of estimated tax for the years 1949, 1950, 1951 and 1952 was due to negligence and not to reasonable cause. Respondent did not err in determining *324 an addition to the tax for substantial underestimation of estimated tax for the year 1953. Opinion Petitioner filed no brief. The assessment of a deficiency in Docket No. 72534 for the year 1949 is not barred by the statute of limitations since petitioner filed no income tax return for that year. The assessments for the years 1950 to 1953, inclusive, in Docket No. 72535 are not barred by the statute of limitations because of petitioner's execution of waivers extending the period for assessment and collection of deficiencies for said years. Respondent's determinations of deficiencies are therefore afforded the statutory presumption of correctness. Petitioner did nothing to meet her burden of showing respondent's determinations of deficiencies erroneous. On the other hand, respondent presented much evidence to support his determinations and the various entries in the net worth computation. We uphold respondent's determinations of deficiencies for each of the years involved. Respondent had the burden of proof with respect to the fraud issue under section 293(b).It is amply sustained by evidence of petitioner filing no return for 1949; unexplained omissions of interest and rental *325 income when reporting taxable income; petitioner's actions with respect to multiple hidden bank accounts; petitioner's conduct in failing fully to disclose assets to revenue agents and in a net worth statement given to the revenue agent stating she had cash of $16,000 in a safe deposit box on December 31, 1948 and admitting at the trial she had no such cash on hand. Proof of such conduct, together with proof that over a course of years, a woman who is obviously receiving a good deal of business income is not reporting same and is not offering any books or records or any explanation for failure to so report, means respondent's burden with respect to fraud is fully met. . The other adjustments in the nature of additions to tax are really not contested. Respondent concedes the additions to tax under section 294(d)(2) for 1949, 1950, 1951 and 1952 under the authority of . We hold for respondent. Decisions will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1939, as amended, unless otherwise noted.↩
*. The time within which to file this return had been extended.↩
*. Adjusted gross income reported on Herman's individual return for the taxable year 1949. Petitioner falled to file a return for said year.↩